IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H.J. HEINZ COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| FIGUEROA BROTHERS, INC., | § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

H.J. Heinz Company ("Heinz"), appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement, trademark dilution, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); trademark dilution under the Texas Business and Commerce Code § 16.103; and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

## PARTIES

4. Heinz is a Pennsylvania corporation with a principal place of business in Pittsburgh, Pennsylvania.

5. Defendant Figueroa Brothers, Inc. ("Defendant") is a Louisiana corporation with a principal place of business at 1740 Hurd Drive, Irving, Texas 75038.

## FACTS

### A. HEINZ AND ITS TRADEMARKS

6. Heinz was founded in 1869, and is world-renowned for its iconic food brands, including Heinz ketchup. Heinz launched its first tomato ketchup product in 1876 and by 1907 was producing 12 million bottles of ketchup per year. Today, the name "Heinz" is synonymous with ketchup throughout the world. Heinz sells 650 million bottles of Heinz ketchup every year and approximately two single-serve packets of ketchup for every person on the planet.

7. Since the 1890s, Heinz has marketed, distributed, and sold its famous ketchup products in a highly distinctive glass bottle design, an example of which is shown below. This distinctive bottle design has been extensively used and promoted by Heinz, and Heinz has sold hundreds of millions of ketchup products using the design. Additional examples of the bottle design are attached hereto as **Exhibit A**.



8. Heinz has used various marks depicting the famous bottle design shown in paragraph 7, including those shown directly below (the "Heinz Bottle Marks"), in connection with its famous ketchup products.

  

9. The Heinz Bottle Marks are inherently distinctive and serve to identify and indicate the source of Heinz's products to the consuming public.

10. As a result of Heinz's long use and promotion of the Heinz Bottle Marks, the marks have become distinctive to designate Heinz, to distinguish Heinz and its products from those of others, and to distinguish the source or origin of Heinz's products. As a result of these efforts by Heinz, the consuming public in Texas and throughout the United States widely recognizes and associates the Heinz Bottle Marks with Heinz.

11. As a result of Heinz's long use and promotion of the Heinz Bottle Marks in Texas and elsewhere, Heinz has acquired valuable common law rights in the Heinz Bottle Marks.

12. The Heinz Bottle Marks are famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

13. In accordance with the provisions of federal law, Heinz has registered the Heinz Bottle Marks on the Principal Register of the United States Patent and Trademark Office. *See* U.S. Reg. Nos. 2,665,061; 2,233,574; and 4,077,237. These registrations are valid and

subsisting, and the first two are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of these registrations are attached hereto as **Exhibit B**.

**B.    DEFENDANT'S INFRINGING ACTIVITIES**

14.    Defendant sells a line of food products, including ketchup, sauces, salsas, and related products. Defendant's non-ketchup products are marketed in typical, non-distinctive bottle designs. Examples of Defendant's non-ketchup bottle designs are attached hereto as **Exhibit C**.

15.    Despite using typical, non-distinctive bottle designs for its non-ketchup goods, Defendant's ketchup products are marketed, distributed, and sold in a bottle design nearly identical to the Heinz Bottle Marks. An example of Defendant's infringing ketchup bottle is shown directly below (the "Infringing Bottle Design"):



Additional examples of Defendant's Infringing Bottle Design are attached hereto as **Exhibit D**.

16.    Defendant is using the Infringing Bottle Design in commerce.

17.    Defendant is not affiliated with or sponsored by Heinz and has not been authorized by Heinz to use the Heinz Bottle Marks or any confusingly similar marks.

18.    Heinz has notified Defendant of Heinz's rights in the Heinz Bottle Marks and made numerous attempts to resolve this dispute with Defendant prior to filing this lawsuit.

Despite Heinz's attempts to resolve this matter with Defendant amicably, Defendant has persisted in its infringement of the Heinz Bottle Marks.

**C.     EFFECT OF DEFENDANT'S ACTIVITIES**

19.     Defendant's unauthorized use of the Infringing Bottle Design is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendant with Heinz, or as to the origin, sponsorship, or approval of Defendant's products by Heinz.

20.     Defendant's unauthorized use of the Infringing Bottle Design falsely designates the origin of its products, and falsely and misleadingly describes and represents facts with respect to Defendant and its products.

21.     Defendant's unauthorized use of the Infringing Bottle Design enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Heinz over many years, and to gain acceptance for its products not solely on their own merits, but on the reputation and goodwill of Heinz, its Heinz Bottle Marks, and its products.

22.     Defendant's unauthorized use of the Infringing Bottle Design is likely to cause dilution of the famous Heinz Bottle Marks.

23.     Defendant's unauthorized use of the Infringing Bottle Design unjustly enriches Defendant at Heinz's expense.  Defendant has been and continues to be unjustly enriched, obtaining a benefit from Heinz by taking undue advantage of Heinz and its vast goodwill. Specifically, Defendant has taken unfair advantage of Heinz by trading on and profiting from the goodwill in the Heinz Bottle Marks developed and owned by Heinz, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and products.

24. Defendant's unauthorized use of the Infringing Bottle Design removes from Heinz the ability to control the nature and quality of products provided under the Heinz Bottle Marks, and places the valuable reputation and goodwill of Heinz in the hands of Defendant, over whom Heinz has no control.

25. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Heinz and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

26. Heinz repeats the allegations above as if fully set forth herein.

27. The acts of Defendant complained of herein constitute infringement of Heinz's federally registered Heinz Bottle Marks in violation of 15 U.S.C. § 1114(1).

28. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Heinz's rights in the Heinz Bottle Marks, and with intent to cause confusion and to trade on Heinz's vast goodwill in the Heinz Bottle Marks. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

29. Heinz repeats the allegations above as if fully set forth herein.

30. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

31. Heinz repeats the allegations above as if fully set forth herein.

32. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT IV: COMMON LAW UNFAIR COMPETITION

33. Heinz repeats the allegations above as if fully set forth herein.

34. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT V: FEDERAL TRADEMARK DILUTION

35. Heinz repeats the allegations above as if fully set forth herein.

36. The acts of Defendant complained of herein constitute dilution of Heinz's famous Heinz Bottle Marks in willful violation of 15 U.S.C. § 1125(c).

37. Defendant willfully intended to trade on the recognition of Heinz's famous Heinz Bottle Marks and/or to harm the reputation of those marks.

### COUNT VI: DILUTION UNDER TEXAS LAW

38. Heinz repeats the allegations above as if fully set forth herein.

39. The acts of Defendant complained of herein constitute dilution of Heinz's famous Heinz Bottle Marks in violation of Texas Business and Commerce Code § 16.103.

### COUNT VII: UNJUST ENRICHMENT

40. Heinz repeats the allegations above as if fully set forth herein.

41. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Heinz.

## PRAYER FOR RELIEF

**WHEREFORE,** Heinz prays that:

(a) Defendant, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Heinz Bottle Marks and any other mark or design that is confusingly similar to or likely to cause dilution of the Heinz Bottle Marks, and from any attempt to retain any part of the goodwill misappropriated from Heinz;

(b) Defendant, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, be required to deliver up and destroy all bottles bearing the Infringing Bottle Design, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using the Infringing Bottle Design and/or any other mark or design that is confusingly similar to or likely to cause dilution of the Heinz Bottle Marks;

(c) Defendant be ordered to file with this Court and to serve upon Heinz, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d) Heinz recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(e) An accounting be directed to determine Defendant's profits resulting from the activities complained of herein, and that such profits be paid over to Heinz, increased as the Court finds to be just under the circumstances of this case;

(f) Heinz recover its reasonable attorney fees;

    (g)    Heinz recover its costs of this action and prejudgment and post-judgment interest; and

    (h)    Heinz recover such other relief as the Court may deem appropriate.

### **JURY DEMAND**

Heinz demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED: *March 6, 2014*

Respectfully submitted,

By: */s/ Louis T. Pirkey*
Louis T. Pirkey
lpirkey@pirkeybarber.com
Texas Bar No. 16033000
Jered E. Matthysse
jmatthysse@pirkeybarber.com
Texas Bar No. 24072226
Pirkey Barber PLLC
600 Congress Avenue, Suite 2120
Austin, Texas 78701
(512) 322-5200
(512) 322-5201 (facsimile)

Allison L. McDade
amcdade@pirkeybarber.com
Texas Bar No. 24013132
Pirkey Barber PLLC
216 Olympia Lane
Coppell, TX 75019
(972) 462-9097

ATTORNEYS FOR H.J. HEINZ COMPANY