IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H.J. HEINZ COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-cv-00843-B |
| | § | |
| FIGUEROA BROTHERS, INC., | § | |
| | § | |
| Defendants. | § | |

## AGREED MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff H.J. Heinz Company ("Plaintiff") and Defendant Figueroa Brothers, Inc. ("Defendant") have now finalized settlement of this action, and pursuant thereto, the parties request that the Court enter the attached Final Judgment in this case.

## CERTIFICATE OF CONFERENCE

Prior to filing this motion, counsel for Plaintiff conferred by email with counsel for Defendant concerning their position on this motion.  Said Defendant does not oppose this motion.  Both parties have signed, agreed, and stipulated to the Final Judgment attached as Exhibit A.

DATED:  April 10, 2014                         Respectfully submitted,

                                                By: /s/ Jered E. Matthysse _____
                                                    Louis T. Pirkey
                                                    lpirkey@pirkeybarber.com
                                                    Texas Bar No. 16033000
                                                    Jered E. Matthysse
                                                    jmatthysse@pirkeybarber.com

>Texas Bar No. 24072226
>Pirkey Barber PLLC
>600 Congress Avenue, Suite 2120
>Austin, Texas 78701
>(512) 322-5200
>(512) 322-5201 (facsimile)
>
>Allison L. McDade
>amcdade@pirkeybarber.com
>Texas Bar No. 24013132
>Pirkey Barber PLLC
>216 Olympia Lane
>Coppell, TX 75019
>(972) 462-9097
>
>ATTORNEYS FOR PLAINTIFF
>H.J. HEINZ COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2014, a true and correct copy of the foregoing has been served via First-Class Mail, postage prepaid, to Defendant at the address below:

Gregory P. Figueroa
Figueroa Brothers, Inc.
1740 Hurd Drive
Irving, TX 75038

A courtesy copy of the foregoing was also sent via email to counsel for Defendant at the address below:

John D. Mason
Copyright Counselors, LLC & Mason Literary
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
jmason@copyrightcounselors.com



# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H.J. HEINZ COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-cv-00843-B |
| FIGUEROA BROTHERS, INC., | § § § | |
| Defendant. | § | |

## **FINAL JUDGMENT**

The parties having agreed to the entry of this Final Judgment finally disposing of this action, the Court enters the following findings of fact and conclusions of law.

1. H.J. Heinz Company ("Heinz") is a Pennsylvania corporation with a principal place of business in Pittsburgh, Pennsylvania.

2. Defendant Figueroa Brothers, Inc. ("Defendant") is a Louisiana corporation with a principal place of business at 1740 Hurd Drive, Irving, Texas 75038.

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). The matter in controversy in the action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

4. Since the 1890s, Heinz has marketed, distributed, and sold its famous ketchup products in a highly distinctive glass bottle design, an example of which is shown below. This distinctive bottle design has been extensively used and promoted by Heinz, and Heinz has sold

hundreds of millions of ketchup products using the design.



5.   Heinz has used various marks depicting the famous bottle design shown in paragraph 4, including those shown directly below (the "Heinz Bottle Marks"), in connection with its famous ketchup products. The Heinz Bottle Marks are inherently distinctive and serve to identify and indicate the source of Heinz's products to the consuming public.

  

6.   As a result of Heinz's long use and promotion of the Heinz Bottle Marks, the marks have become distinctive to designate Heinz, to distinguish Heinz and its products from those of others, and to distinguish the source or origin of Heinz's products. As a result of these efforts by Heinz, the consuming public in Texas and throughout the United States widely recognizes and associates the Heinz Bottle Marks with Heinz. As a result of Heinz's long use and promotion of the Heinz Bottle Marks in Texas and elsewhere, Heinz has acquired valuable

common law rights in the Heinz Bottle Marks.

7. The Heinz Bottle Marks are famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

8. Heinz has registered the Heinz Bottle Marks on the Principal Register of the United States Patent and Trademark Office. *See* U.S. Reg. Nos. 2,665,061; 2,233,574; and 4,077,237. These registrations are valid and subsisting, and the first two are incontestable pursuant to 15 U.S.C. § 1065.

9. Among the products offered by Defendant is a line of ketchup products offered in the bottle design shown directly below:



10. Heinz has alleged that defendant's bottle design, an example of which is shown in paragraph 9 above, constitutes federal trademark infringement in violation of 15 U.S.C. § 1114(1), unfair competition in violation of 15 U.S.C. § 1125(a), trademark infringement and unfair competition in violation of the common law of the State of Texas, trademark dilution in violation of 15 U.S.C. § 1125(c), dilution in violation of Texas Business and Commerce Code § 16.103, and unjust enrichment.

11. Defendant has denied Heinz's allegations, but has agreed to terminate its use of the bottle design, an example of which is shown in paragraph 9 above, and is willing to accept

the injunction in the Order below.

Accordingly, it is hereby ORDERED that:

(a) Defendant, its officers, agents, servants, employees, attorneys, affiliates, subsidiaries, and parents and all other persons who are in active concert or participation with any of them, are permanently enjoined and restrained from using the bottle design shown in paragraph 9 above, the Heinz Bottle Marks, and any other mark or design that is confusingly similar to or likely to cause dilution of the Heinz Bottle Marks;

(b) The injunction granted in this Order shall take effect on December 15, 2014;

(c) This Court will retain jurisdiction over this Final Judgment for the purpose of resolving any disputes arising from or under the terms of this Final Judgment, and any violation of this Order will be punishable as a contempt of Court, in addition to any and all other remedies available at law or in equity;

(d) Any party that violates the terms of this Final Judgment will be liable for attorneys' fees related to the enforcement of same; and

(e) Each party waives the right to appeal from this Final Judgment.


SIGNED and ENTERED this _____ day of _____, 2014.


_____
UNITED STATES DISTRICT JUDGE

**AGREED AND ENTRY REQUESTED:**

By: _____
Louis T. Pirkey
lpirkey@pirkeybarber.com
Texas Bar No. 16033000
Jered E. Matthysse
jmatthysse@pirkeybarber.com
Texas Bar No. 24072226
Pirkey Barber PLLC
600 Congress Avenue, Suite 2120
Austin, Texas 78701
(512) 322-5200
(512) 322-5201 (facsimile)

Allison L. McDade
amcdade@pirkeybarber.com
Texas Bar No. 24013132
Pirkey Barber PLLC
216 Olympia Lane
Coppell, TX 75019
(972) 462-9097

**ATTORNEYS FOR H.J. HEINZ COMPANY**

By: _____
Figueroa Brothers, Inc.
1740 Hurd Drive
Irving, Texas 75038

-5-